**STATE**

v.

**Frank GROSSI.**

**No. 90–302–C.A.**

Supreme Court of Rhode Island.

March 28, 1991.

James E. O'Neil, Atty. Gen., Jane McSoley and Jeffrey Greer, Asst. Atty. Gen., and David Morowitz, Sp. Asst. Atty. Gen., for plaintiff.

Irving Brodsky, Providence, for defendant.

## OPINION

PER CURIAM.

On March 4, 1991, the defendant, Frank Grossi (Grossi), by his attorney, appeared before this court to show cause why his appeal from his conviction on a variety of offenses and from the trial justice's denial of his motion for a new trial should not be summarily decided. The scene of the alleged crime was the Adult Correctional Institutions (ACI). In late February 1990 a Superior Court jury found Grossi guilty on four counts of an indictment that charged him with conspiring with another individual to deliver LSD into the ACI and conspiring with the same individual to deliver LSD to a third inmate who was part of the conspiracy. Another count charged Grossi with illegal possession of a hypodermic needle and syringe. Grossi was acquitted of the charge of possessing LSD.

■ On appeal Grossi raises three issues. He contends that the trial justice failed to grant him an evidentiary hearing prior to trial. Such a hearing, he argues, would have revealed that the statements made by one Joseph Cimaglia (Cimaglia) did not provide the police with sufficient probable cause for their surveillance and subsequent arrest of Grossi.

In *State v. Ricci*, 472 A.2d 291, 295 (R.I. 1984), this court discussed the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983), that must be considered when considering the validity of a search warrant and subsequent arrest of a defendant. Here Grossi argues that Cimaglia, a convicted felon, had no prior experience in supplying information to the police but rather had a distinct motive to tell his story. His motive allegedly was the grant of his parole. However, in *Ricci* this court noted that "[f]irst-time informants can be found to be reliable." *Ricci*, 472 A.2d at 297. Here Cimaglia has implicated himself in a drug-smuggling scheme. In addition the information he gave regarding Grossi's address, vehicle registration, and phone number was subsequently verified by the police.

■ Grossi also contends that the trial justice erred in allowing a detective to testify regarding statements made to him by a fellow conspirator at the time of his arrest. When the conspirator was called to the stand, he invoked his Fifth Amendment privilege. The presiding justice of the Superior Court then granted the witness immunity and ordered him to testify, but the witness still refused. Consequently the trial justice classified the unwilling witness "unavailable" pursuant to the terms of Rule 804 of the Rhode Island Rules of Evidence, and the detective was allowed to testify. Grossi contends that this court has yet to decide whether a witness who claims a Fifth Amendment privilege and thereafter is given immunity to testify but still refuses to do so is an unavailable witness pursuant to the terms of Rule 804. Whereas Grossi is correct that we have never specifically addressed this question, the Rhode Island Rules of Evidence have addressed this issue. Rule 804(a)(2) defines "unavailability as a witness" to include situations in which the declarant "persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so." We are of the belief that the trial justice did not err in ruling that the witness was unavailable and in allowing the detective to testify.

■ Grossi's last contention involves his assertion that the trial justice erred in denying his motion for a new trial. This court, when reviewing a trial justice's decision on a new trial, pays great deference to the findings made by the trial justice and will not disturb them unless the trial justice overlooked or misconceived material evidence on a controlling issue or was otherwise clearly wrong. *State v. Dame*, 560 A.2d 330, 332–33 (R.I.1989). Our consideration of the transcript indicates that the trial justice employed the correct standard when he considered Grossi's motion for a new trial.

Accordingly the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.